

Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Eric J. Shimanoff**
(212) 790-9226
ejs@cll.com

April 29, 2011

**VIA ECF**
Hon. Judge Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Silvercup Studios Associates Limited Partnership v. Baharestani*,
    No. 10-6028 (ENV) (RML)

Dear Judge Vitaliano:

  We represent Plaintiff Silvercup Studios Associates Limited Partnership ("Silvercup"). We write to update the Court on the status of the proceedings and also to request: (1) leave to move to dismiss Defendants' amended counterclaim for alleged fraudulent procurement of a trademark and (2) that the Court grant Plaintiff's prior motion to dismiss/strike to the extent that the challenged portions of Defendants' original pleadings remain unaltered in their amended pleadings.

  *Relevant Procedural History*

  As you are aware, after a pre motion conference with the Court on March 30, 2011 regarding Plaintiff's motion to dismiss/strike, Defendants amended their answer and counterclaims by voluntarily dismissing two of their unsustainable counterclaims, striking two of their insufficient affirmative defenses and striking several improper references to settlement discussions (Docket Nos. 13 and 14).  Defendants, at that time, expressly refused to remove any other allegations or claims from their answer and counterclaim.

  Due to and in reliance upon Defendants' unequivocal refusal to further amend its pleadings, on April 14, 2011, Silvercup served its motion to dismiss Defendants' remaining counterclaim for purported fraudulent procurement of a federal trademark registration and to strike Defendants' remaining insufficient affirmative defenses and other paragraphs that continued to improperly reference settlement discussions.  Pursuant to the briefing schedule set by the Court, Defendants' opposition papers to Plaintiff's motion to dismiss/strike were due to be served by yesterday, Thursday, April 28, 2011.

  However, instead of serving opposition papers, on Wednesday, April 27, 2011, without consent or leave of the Court, Defendants again modified their responsive pleadings by filing an

**Cowan, Liebowitz & Latman, P.C.**
Hon. Judge Eric N. Vitaliano
April 29, 2011
Page 2

"amended" answer and counterclaim (Docket No. 15).[1] The only substantive change made in Defendants' responsive pleadings was to Defendants' fraudulent procurement counterclaim, which, as discussed below, is still insufficient. Defendants did not amend any of their seventeen affirmative defenses that Plaintiff sought to strike in its motion. Nor did they remove any of the challenged paragraphs and exhibits that improperly referenced settlement communications.[2]

Despite the lack of substantive changes in the amended pleadings that did not address the bulk of issues raised in Plaintiff's motion to dismiss/strike, Defendants have not served papers opposing Plaintiff's motion and instead have taken the position that the motion is now moot.

### *Defendants' "Amended" Pleadings Were Improperly Filed Without Leave*

Defendants were not permitted to file this "amended" pleading without leave or consent. Since, after the pre motion conference with the Court, Defendants voluntarily amended their pleadings by dismissing and striking certain allegations, they already amended their pleadings once as a matter of course as permitted by Rule 15(a). *See Chambers v. Time Warner, Inc.*, 2003 U.S. Dist. LEXIS 3652, at *5 (S.D.N.Y. Mar. 10, 2003) ("In all respects here relevant, a Rule 15(a) amendment eliminating a claim is the same as a Rule 41(a) voluntary dismissal of the claim"); *G-I Holdings, Inc. v. Baron & Budd*, 2004 U.S. Dist. LEXIS 3039, at *3 (S.D.N.Y. Feb. 25, 2004) ("Because Holdings has previously amended its complaint, its withdrawal of the claim requires leave of court"). Defendants' "amended" pleading filed on April 27, 2011 (Docket No. 15) without leave of the Court thus was improper and should be stricken on that basis alone. However, since Rule 15(a) would allow Defendants to seek leave of the Court to file the amended pleading in any event, in the interests of judicial economy, Plaintiffs will not challenge the basis of Defendants' filing on those grounds at this juncture.

---

[1] Defendants' counsel notified Plaintiff's counsel of Defendants' intent to file an amended pleading for the first time on April 26, 2011, which was almost a month after the Court's pre motion conference, almost two weeks after Plaintiff filed its motion to dismiss/strike and just two days before Defendants' motion opposition papers were due.

[2] While, in their newly filed pleading, Defendants did remove part of a sentence from their formerly Seventeenth (now Sixteenth) Affirmative Defense that made impermissible reference to settlement discussions, the substance of the defense that was addressed in Plaintiff's motion papers (that Defendants had transferred the silvercupstudio.com domain name to a third party) did not change. The numbering of Defendants' Affirmative Defenses and counterclaim paragraphs that referenced settlement discussions did change. Defendants' prior Seventeenth through Twentieth Affirmative Defenses each now correspond to an affirmative defense one number lower. And paragraphs 126, 138 and 139 and Exhibit H of Defendants' original counterclaim that referenced settlement discussions are now paragraphs 115, 117 and 118 and Exhibit E, respectively.

25237/002/1238663.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Judge Eric N. Vitaliano
April 29, 2011
Page 3

### *The Court Should Grant Plaintiff's Motion to Dismiss/Strike*

Defendants are mistaken in their position that their amended pleading renders Plaintiff's motion to dismiss/strike moot. That rule only applies to portions of the amended pleadings that are not "substantially identical" to those in the original pleadings that Plaintiff sought to dismiss/strike. *See, e.g., Thomas M. Pethtel v. Washington County Sheriff's Office*, 2007 U.S. Dist. LEXIS 60105, at *12-13 (S.D. Ohio Aug. 16, 2007) (motion to dismiss not moot where, with limited exception, "Amended Complaint is substantially identical to the original complaint"); *Fifth Third Bank v. Flatrock 3, LLC*, 2010 U.S. Dist. LEXIS 73589, at *4 n.2 (D.N.J. July 21, 2010) (amended pleading only made moot motion to dismiss on certain grounds; motion proceeded and granted on remaining grounds).[3]

As discussed above, the only substantive change Defendants made in their amended pleading was to their claim for fraudulent procurement. Since the affirmative defenses and improper references to settlement discussions that were the subject of Plaintiff's motion to strike remained unaltered, the filing of the amended pleading did not make moot those portions of the motion. Defendants have failed to oppose Plaintiff's motion and the motion should be granted with respect to the challenged affirmative defenses and allegations regarding settlement.

### *Defendants' Amended Counterclaim Still Fails to State a Claim*

Defendants have amended their counterclaim for purported fraudulent procurement of a trademark registration. Although they have altered the language slightly, Defendants still claim that Plaintiff committed fraud on the USPTO in connection with its SILVERCUP application based on Defendants' allegations that, at the time Silvercup filed its statement of use and specimen with the USPTO, Silvercup was actually using the composite mark SILVERCUP STUDIOS, and not SILVERCUP alone. Even assuming for the limited purposes of a motion to dismiss that Defendants' allegations are true, as explained in great detail in Plaintiff's prior motion papers, since the Examining Attorney had it is possession and reviewed the specimen that Defendants admit was genuine and allegedly showed use of the composite mark SILVERCUP

---

[3] Indeed, the purpose of the 2009 amendments to Rule 15(a) were to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion," "avoid the need to decide the motion or reduce the number of issues to be decided," "expedite determination of issues that otherwise might be raised seriatim" and "advance other pretrial proceedings." *See* Fed. R. Civ. P 15, Notes of Advisory Committee on 2009 amendments. Rule 15(a) clearly may not be used impermissibly as procedural fencing to unnecessarily delay judicial proceedings. Given Defendants' prior modification, their express refusal to further modify their pleadings prior to service of Plaintiff's motion and their failure to make any substantive changes in response to Plaintiff's motion to strike Defendants' affirmative defenses and settlement references, Plaintiff can only deduce that Defendants' main purpose in filing their amended pleading the day before their opposition papers were due was to cause delay and unnecessary expense.

25237/002/1238663.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Judge Eric N. Vitaliano
April 29, 2011
Page 4

STUDIOS, the USPTO was plainly aware of all the material facts, including how the mark applied for was being used in commerce. Thus, any other purported representation made by Silvercup to the USPTO could not have resulted in the unwarranted approval of Silvercup's trademark registration. *See This Little Piggy Wears Cotton v. Piggy Toes*, 2004 TTAB LEXIS 447, at *13-14 (T.T.A.B. July 13, 2004); *see also Paris Glove of Can. v. SBC/Sporto Corp.*, 84 U.S.P.Q.2d 1856, 1863 (T.T.A.B. 2007); *W. D. Byron & Sons, Inc. v. Stein Bros. Mfg. Co.*, 377 F.2d 1001, 1004 (C.C.P.A. 1967).

Defendants also base their fraud claim on allegations that, when Silvercup filed its statement of use with the USPTO in 2009, it falsely stated that it first used the mark in commerce in connection with the applied for services in January 1983, when Defendants allege that the actual date of first use was in June 1983. While Silvercup disputes these allegations, even if true they still would fail to state a claim. It is well-settled "that an incorrect statement of the date of first use is not material, and therefore not fraudulent, as long as the actual first use occurred prior to the application filing date." *Lewis v. Microsoft Corp.*, 410 F. Supp. 2d 432, 437-438 (E.D.N.C. 2006); *see also Georgia-Southern Oil, Inc. v. Harvey Richardson*, 16 U.S.P.Q.2d 1723, 1727-28 (T.T.A.B. 1990); *Colt Industries Operating Corp. v. Olivetti Controllo Numerico S.p.A.*, 221 U.S.P.Q. 73, 76 (T.T.A.B. 1983). Since Defendants do not allege that Silvercup was not offering the applied for services in 2009 when Silvercup filed its statement of use – indeed, during the pre motion conference, Defendants' counsel admitted that Silvercup was offering such services when Silvercup filed its statement of use – Defendants' claim for fraud must fail.

Plaintiff thus respectfully requests leave to file a motion to dismiss Defendants' "amended" counterclaim for fraud. Since the parties have already participated in a pre motion conference with the Court on the prior incarnation of Defendants' deficient fraud claim, Plaintiff respectfully requests that the Court forego such a conference and immediately set a briefing schedule for the motion. Since Defendants have had ample opportunity to review Plaintiff's prior motion papers and consider their claims, Plaintiff requests that the briefing schedule be expedited to allow Defendants no more than one week after service to file opposition papers.[4]

We thank the Court for its attention to the foregoing.

              Respectfully submitted,

              s/ Eric J. Shimanoff

cc:  Counsel of Record (via ECF)

---

[4] Should the Court be inclined to view Plaintiff's prior motion to dismiss/strike moot in its entirety, Plaintiff respectfully requests leave of the Court to renew its prior motion in conjunction with the motion to dismiss the amended counterclaim for fraud.

25237/002/1238663.1